IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CARLINA
ASHEVILLE DIVISION
File No. 1:24-cv-248

MARILYN HAMBRICK,                    )
                                     )
        Plaintiff,                   )
                                     )
            vs.                      )        **COMPLAINT**
                                     )        (Jury Trial Requested)
SARAH CANNON (*A SUBSIDIARY OF*      )
*HCA HEALTHCARE*),                   )
                                     )
        Defendant.                   )


NOW COMES Plaintiff, MARILYN HAMBRICK, by and through the undersigned, and complaining of Defendant organization, SARAH CANNON, alleges and says unto this Court:

## NATURE OF THIS ACTION

Plaintiff brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA") to remedy disparate treatment on account of Plaintiff's age (over 40). This Complaint sets out in detail the relevant instances of unlawful discrimination perpetrated by Defendant.

## PARTIES

1. Plaintiff is a citizen and resident of Orange County, North Carolina.

2. Defendant is a Research Institute focusing on therapies for patients which include drugs that are in development, and cancer treatments.

3. Defendant, for purposes of jurisdiction, operates a Research Site in Asheville, North Carolina as an ordinary part of its business. Defendant is headquartered in Nashville, TN. Defendant therefore has purposefully availed themselves to jurisdiction in North Carolina through continuous and systematic contacts within this State and jurisdiction.

## FACTUAL ALLEGATIONS

4. Paragraphs 1-3 are incorporated by reference as fully set forth herein.

5. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

6. At all times relevant herein, Defendant was an employer of Plaintiff within the meaning of 42 U.S.C. § 12111(5).

7. Plaintiff has worked for Defendant in the role of *Clinical Research Analyst*. Plaintiff's job included monitoring patients taking new clinical drugs.

8. Plaintiff is a white female and is 70 years old, thereby within the scope of the ADEA as a protected class of person over the age of 40.

9. Throughout Plaintiff's employment, Plaintiff was written up numerous times, and reported to HR for things she did not do, while employees outside of Plaintiff's protected class where not afforded such treatment.

10. Plaintiff was required to talk with her manager's boss (who did not appear to be familiar with or able to discuss the sponsor, site/PI, and monitor obligations as specified in Good Clinical Practice Guides (GCP)) on numerous occasions, while those outside of Plaintiff's protected class were not required to do such.

11. Plaintiff was prevented from performing her role as specified in her job description and in in line with the GCP.

12. Plaintiff was replaced as the site monitor with no reason given.

13. Plaintiff was removed from a study without proper reason nor explanation.

14. Plaintiff brought her concerns regarding her treatment due to her age to Defendant.

15. Shortly thereafter, Plaintiff was told by her manager that Plaintiff was being laid off "due to retaliation for her complaints" regarding her age.

16. In April of 2024, Plaintiff was informed she would be laid off due to a RIF plan. However, upon information and belief, Defendant continued to hire, calling into question the stated RIF reasoning.

17. Plaintiff was then told in a 1 on 1 meeting with Defendant that she must sign a severance agreement, and was repeatedly lied to regarding the documents effect on her legal rights.

18. Plaintiff was told that signing the agreement would not affect her claims under the ADEA, despite, upon information and belief, language to the contrary.

19. These actions by Defendant were motivated by discrimination due to Plaintiff's age over 40, in violation of the Age Discrimination in Employment Act of 1967.

20. Other individuals outside of Plaintiff's protected class (under 40), did not receive such poor treatment, nor were laid off.

21. Plaintiff brought an action with the EEOC, and Plaintiff received a Right to Sue Letter and Closure Notice. Plaintiff brings this action within the 90-day window listed in the Right to Sue document and statute.

## FIRST CAUSE OF ACTION
### *(ADEA Violations)*

22. The allegations above are incorporated herein.

23. The Age Discrimination in Employment Act (ADEA) prohibits an employer, as defined in the ADEA, from terminating anyone because of their age. 29 U.S.C. § 623(a)(1). To establish a claim for age discrimination under the ADEA, a plaintiff must prove by a preponderance of the evidence that age "was the 'but-for' cause of the challenged adverse

3

employment action." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 180, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

24. Courts apply the burden-shifting framework in ADEA cases: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); see also Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (applying McDonnell Douglas in the context of an ADEA claim).*

25. Plaintiff brings forth a sufficient claim under the ADEA.

22. Plaintiff is a member of a protected class as she is over the age of 40.

23. Plaintiff had satisfactory job performance.

24. Defendant took adverse employment action against Plaintiff in that she receives unequal treatment compared to those under 40 in the same or similar position as her, and Plaintiff was laid off and terminated due to her age.

## SECOND CAUSE OF ACTION
### *(Retaliation)*

25. To establish a prima facie case of retaliation, Plaintiff must demonstrate: (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action. A plaintiff is not required to prove the conduct he opposed was actually an ADEA violation. Rather, he must show he had a good faith belief the conduct violated. Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 146. An individual engages in protected activity when they: (1) oppose a practice they consider discriminatory; (2) participate in an employment discrimination proceeding; or (3) engage in other EEO protected activity.

4

26. Here, Plaintiff engaged in a protected activity when she brought her concerns regarding her treatment due to her age to Defendant.

27. Shortly thereafter, Plaintiff was told by her manager that Plaintiff was being laid off "due to retaliation for her complaints" regarding her age.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate monetary relief for violations of the ADEA of $150,000.00.

2. Order Defendant to expunge Plaintiff's employment record as necessary to eradicate the effects of Defendant's discriminatory practices;

3. Grant such relief as the Court deems necessary and proper in the public interest.

Respectfully submitted this, the 8th day of October, 2024.

/s/ Lucas F. Colantonio

_____

Lucas F. Colantonio
NC State Bar No. 60818
The Law Offices of Lucas F. Colantonio PLLC
Colantoniolawfirm@gmail.com
10520 Chapel hill Rd. Ste 904
Morrisville, NC 27560
919-701-9664
*Attorney for Plaintiff*